UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVON A. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01466-JRO-TAB |
| | ) |
| DELANA GARDNER Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff, Davon Martin, is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). He filed this civil action alleging constitutional violations against the defendants related to deficient conditions of confinement at CIF. Because Martin is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A. However, before the Court screened Martin's operative complaint, he filed a motion to amend and attached an amended complaint as an exhibit. Dkt. 14. Accordingly, Martin's motion to amend his complaint, dkt. [14], is **granted**, and the Court will screen only this amended complaint.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Martin asserts claims against three defendants: (1) Warden Delana Gardner, (2) Deputy Warden Maggie Bryant, and (3) John/Jane Doe Officers. He seeks monetary damages only. Martin's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Martin alleges that the cells in general population at CIF are not equipped with restrooms or sinks, and inmates are locked in their cells for hours every day and deprived of bathroom access and water. Inmates in general population at CIF are confined to their cells every night from 10 P.M. to 4 A.M. Because of this, inmates are frequently denied access to the restrooms during this span of time and are forced to urinate and defecate in containers with minimal ventilation in the cell. Martin has filed numerous grievances about this issue to no avail. Because he is frequently unable to use the restroom, Martin has suffered from medical issues including kidney stones. Due to these medical

2

issues, medical staff at CIF approved Martin for a 'restroom pass,' which allows inmates with medical conditions additional privileges to use the restroom during facility count and lockdowns.  However, he was denied issuance of the pass by the Warden.

### III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

To the extent Martin intends to sue the John Doe and Jane Doe individuals, those John and Jane Does **must be dismissed**.  "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."  *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).  If through discovery, Martin is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

As for Martin's Eighth Amendment conditions of confinement claims for damages against Warden Delana Gardner and Deputy Warden Maggie Bryant, it is unclear at this stage that Martin has alleged "sufficiently serious" harm, that is an injury that equates to the "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Lack of immediate access to a restroom during normal sleeping hours with the opportunity to relieve oneself in a container is not the most comfortable sleeping arrangement, but it

3

may not be a constitutional deprivation.  *E.g.*, *Hinds v. Barela*, No. 20-cv-01011 MV/JFR, 2022 WL 1565268, at *8 (D.N.M. May 18, 2022), *report and recommendation adopted*, No. CV 20-01011 MV/JFR, 2022 WL 2355452 (D.N.M. June 30, 2022) (holding that inmate having to wait "an hour or more to use the restroom" while being housed in a "dry cell" was not a sufficiently serious deprivation under the Eighth Amendment); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 341 (E.D. Tex. 2008), *aff'd*, 358 F. App'x 509 (5th Cir. 2009) (holding inmate having to wait approximately three hours to use the restroom did not violate the Eighth Amendment).

However, Martin alleges more, and the Court will not dismiss the Complaint at this stage.  Martin's Eighth Amendment claim against Warden Delana Gardner and Deputy Warden Maggie Bryant **shall proceed**.  Martin alleges that he was seen repeatedly by prison medical staff for signs and symptoms of kidney stones due to the severe pain he experienced because of lack of access to the bathroom.  The prison medical department gave him a "restroom pass" because of these medical complications.  He maintains that Defendants knew about this and still refused him access to the bathroom.

### IV. CONCLUSION AND ISSUANCE OF PROCESS

Martin's motion to amend his complaint, dkt. [14], is **granted**.

The action **will proceed** with Eighth Amendment claims for damages against Warden Delana Gardner and Deputy Warden Maggie Bryant pursuant to 42 U.S.C. § 1983 related to their refusal to issue him a "restroom pass" due to medical issues related to not having immediate access to a restroom.

The discussion of claims in Part III includes every claim the Court identified in the complaint. If Martin believes he asserted additional claims that the Court failed to address, he must file a motion to reconsider this order **no later than July 18, 2026**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve IDOC employees, Warden Delana Gardner and Deputy Warden Maggie Bryant, electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: June 17, 2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DAVON A. MARTIN
148381
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

Electronic Service to IDOC Employees:

      Warden Delana Gardner
      Deputy Warden Maggie Bryant

(All at Correctional Industrial Facility)